For the foregoing reasons, the judgment of the district court is AFFIRMED.

Sean EARLEY, Petitioner–Appellant,

v.

Timothy MURRAY, Respondent–Appellee.

Docket No. 04–4098–pr.

United States Court of Appeals, Second Circuit.

Argued: Jan. 25, 2006.

Decided: June 9, 2006.

David Samel, New York, NY, for Petitioner–Appellant.

Amy Appelbaum, Assistant District Attorney (Charles J. Hynes, District Attorney, Kings County, Leonard Joblove and Victor Barall, Assistant District Attorneys, on the brief), Brooklyn, NY, for Respondent–Appellee.

Before WALKER, Chief Judge, LEVAL and SOTOMAYOR, Circuit Judges.

JOHN M. WALKER, JR., Chief Judge.

Petitioner–Appellant Sean Earley was sentenced to six years' incarceration pursuant to a plea agreement. Unbeknownst to Earley, his counsel, the prosecutor, and the sentencing judge, New York had recently passed a law mandating a term of post-release supervision ("PRS") for convictions such as Earley's. Subsequently, the New York Department of Correctional Services ("DOCS"), without informing Earley, administratively added a five-year PRS term to Earley's sentence. More than a year later, upon learning of this addition to his sentence, Earley moved in state court to have the sentence amended to reflect the plea agreement by removing any term of supervision. After the state courts denied his motion and his appeal, Earley filed a petition for a writ of habeas corpus in the Eastern District of New York. The district court (Edward R. Korman, *Chief Judge*) denied Earley's petition. This court granted a certificate of appealability, and we now vacate the district court's decision and remand the case.

## BACKGROUND

In February 2000, Sean Earley pleaded guilty to attempted burglary in the second degree. Pursuant to the plea agreement between Earley and the State of New York, he was sentenced to six years in prison. No term of post-release supervision following the six years of incarceration was included in the sentence announced in court by the judge, the written judgment, or the written order of commitment signed by the clerk of the Kings County Supreme Court. New York had recently passed a statute imposing a mandatory term of PRS that should have applied to Earley. *See* N.Y. Penal Law § 70.45 ("Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision."). But as Earley, his counsel, the prosecutor, and the judge were not aware of the new law, Earley was not informed of this mandatory provision during plea negotiations, the plea allocution, or at the time his six-year sentence was imposed. Sometime between his sentencing in February 2000 and February 2002, DOCS administratively added a five-year term of PRS to Earley's sentence without informing Earley.

After hearing rumors from fellow inmates in October 2001 that DOCS had added periods of PRS to the sentences of certain inmates, Earley became concerned. He requested a statement of his sentence and transcripts of his plea and sentencing proceedings. Sometime in early February 2002, Earley says he received confirmation that a five-year PRS period had, in fact, been added to his sentence. The transcripts he received around the same time confirmed that no PRS period had been mentioned at either his plea or sentencing.

After exhausting his administrative remedies in an unsuccessful attempt to have the PRS term removed from his sentence, Earley moved in state court pursuant to section 440.20 of the New York Criminal Procedure Law to be resentenced according to the terms imposed by the sentencing judge. *See* N.Y.Crim. Proc. Law § 440.20. He argued that the modification to his sentence violated his due process rights and that he had received ineffective assistance of counsel.

The state court denied Earley's motion. While acknowledging that Earley should have been told about the PRS term, the court found that, because the PRS term is mandatory under New York law, Earley's request to eliminate it from his sentence could not be granted. The state court also denied Earley's ineffective-assistance-of-counsel claim, finding that Earley had failed to demonstrate that he had suffered any prejudice as a result of his counsel's alleged errors. The Appellate Division denied leave to appeal.

Earley then filed a petition for a writ of habeas corpus in federal district court, again raising both due process and ineffective-assistance claims and again asking for the PRS term to be removed from his sentence. The district court initially dismissed the petition as untimely because Earley had not filed his petition within one year of his conviction. After Earley moved for a rehearing on the basis that he had not been permitted to reply to the state's submissions that raised the question of timeliness, the district court granted rehearing. It reconsidered its earlier ruling and again denied Earley's petition. The district court acknowledged that the timeliness issue would require a hearing to inquire into the date Earley first became aware of the addition to his sentence and went on to deny the petition on the merits. This court granted Earley's motion for a certificate of appealability with respect to his claims that (1) his due process rights were violated and (2) he received ineffec-

tive assistance of counsel. This appeal followed.

## DISCUSSION

■ This court reviews a district court's denial of a habeas corpus petition de novo. *Loliscio v. Goord,* 263 F.3d 178, 184 (2d Cir.2001). Once a claim has been "adjudicated on the merits" by the state court, our review of the state court's decision is subject to the deferential standard set out in section 104(3) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, 1219 (codified at 28 U.S.C. § 2254(d)). Under AEDPA, an application for a writ of habeas corpus may not be granted unless the state court's adjudication of the claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

■ The "contrary to" clause of section 2254(d)(1) is violated if the state court reaches a result opposite to the one reached by the Supreme Court on the same question of law or arrives at a result opposite to the one reached by the Supreme Court on a "materially indistinguishable" set of facts. *Williams v. Taylor,* 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "unreasonable application" of Supreme Court law occurs if the state court identifies the correct rule of law but applies that principle to the facts of the petitioner's case in an unreasonable way. *Id.* at 413, 120 S.Ct. 1495. The question is whether the state court's application of clearly established federal law is objectively unreasonable, *id.* at 409, 120 S.Ct. 1495, where objectively unreasonable means "some increment of incorrectness beyond error," *Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir.2000). Because Earley's claims were adjudicated

on the merits by the state court, AEDPA deference applies to those determinations.

■ Seventy years ago, the Supreme Court established that the sentence imposed by the sentencing judge is controlling; it is this sentence that constitutes the court's judgment and authorizes the custody of a defendant. *Hill v. United States ex rel. Wampler,* 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283 (1936). In *Wampler,* a federal trial judge orally sentenced the petitioner to eighteen months in prison and a $5,000 fine. The clerk of the court, following a local practice known to the court, added the condition that the defendant remain in custody until his fine was paid. The Supreme Court held that the clerk did not have the power to alter the sentence imposed by the court, and therefore the added condition was void. Justice Cardozo, speaking for a unanimous Court, announced a basic principle of criminal sentencing: "The only sentence known to the law is the sentence or judgment entered upon the records of the court. . . . Until corrected in a direct proceeding, it says what it was meant to say, and this by an irrebuttable presumption." *Id.* at 464, 56 S.Ct. 760 (internal citations omitted). The Court went on to write that a "warrant of commitment [prepared by the clerk] departing in matter of substance from the judgment back of it is void. . . . 'The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence.'" *Id.* at 465, 56 S.Ct. 760 (quoting *Biddle v. Shirley,* 16 F.2d 566, 567 (8th Cir.1926)).

We recognize differences between the facts of Wampler and those before us. In Wampler, the decision whether to keep the defendant in custody pursuant to payment of a fine was, by law, within the discretion of the sentencing judge. Here, by contrast, state law required that Earley be sentenced to a PRS term. Early in his

analysis, Justice Cardozo noted this factor, writing that "[t]he choice of pains and penalties, *when choice is committed to the discretion of the court,* is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment." *Id.* at 464, 56 S.Ct. 760 (emphasis added).

Had the Court stopped there, the holding of *Wampler* might extend only to those cases where punishment subsequently added to the defendant's sentence by administrative personnel relates to a matter within the court's discretion; it might have no application to a case such as ours, which involves a mandatory provision. But *Wampler* went on to articulate a broader holding: The judgment of the court establishes a defendant's sentence, and that sentence may not be increased by an administrator's amendment. *Wampler thus* provides clearly established Supreme Court precedent supporting Earley's claim. *See also Greene v. United States,* 358 U.S. 326, 329, 79 S.Ct. 340, 3 L.Ed.2d 340 (1959) (quoting *Wampler's* assertion that "the only sentence known to the law is the sentence or judgment entered upon the records of the court"); *Johnson v. Mabry,* 602 F.2d 167, 170 (8th Cir.1979). The only cognizable sentence is the one imposed by the judge. Any alteration to that sentence, unless made by a judge in a subsequent proceeding, is of no effect.

■ The sentence imposed by the court on Earley was six years in prison. The judgment authorized the state to incarcerate him for six years and no more. Any addition to that sentence not imposed by the judge was unlawful. Yet Earley was subjected to further custody. Post-release supervision, admitting of the possibility of revocation and additional jail time, is considered to be "custody." *See Jones v. Cunningham,* 371 U.S. 236, 240–43, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963) (holding that parole satisfies the "in custody" requirement of habeas petitions); *Peck v. United States,* 73 F.3d 1220, 1224 n. 5 (2d Cir.1995) (holding that supervised release satisfies the "in custody" requirement of habeas petitions). Earley was released from prison in 2004 but was reincarcerated for violating the terms of his PRS and is currently in prison.

■ Earley's imprisonment was authorized not by the sentence as calculated by DOCS but by the judgment of the court. See *Wampler,* 298 U.S. at 465, 56 S.Ct. 760 ("The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence." (citation and internal quotation marks omitted)); *see also United States v. A–Abras Inc.,* 185 F.3d 26, 29 (2d Cir.1999) (holding that the written judgment of commitment is simply evidence of the oral sentence); *United States v. Marquez,* 506 F.2d 620, 622 (2d Cir.1974) (holding that the oral sentence constitutes the judgment of the court and that it is that sentence that provides the authority for the execution of the sentence); *Kennedy v. Reid,* 249 F.2d 492, 495 (D.C.Cir.1957) (same); *Wilson v. Bell,* 137 F.2d 716, 721 (6th Cir.1943) (same); *Hode v. Sanford,* 101 F.2d 290, 291 (5th Cir.1939) (same). If, as in *Wampler,* an erroneous order of commitment prepared by the clerk of court with the court's knowledge cannot alter the sentence imposed by the court, then plainly a later addition to the sentence by an employee of the executive branch cannot do it. Only the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty. *Wampler,* 298 U.S. at 464, 56 S.Ct. 760 ("In any collateral inquiry, a court will close its ears to a suggestion that the sentence entered in the minutes is something other than the authentic expression of the sentence of the judge.").

The state court's determination that the addition to Earley's sentence by DOCS was permissible is therefore contrary to clearly established federal law as determined by the United States Supreme Court.[1]

The state contends that a five-year PRS was mandated by statute and therefore necessarily part of Earley's sentence by operation of law. We disagree. *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), upon which the state relies, provides that a sentencing court may increase a defendant's sentence when it has omitted a mandatory component of that sentence without running afoul of the Double Jeopardy Clause, *id.* at 166–67, 67 S.Ct. 645, but that case does not contemplate allowing the increase to take place other than at a resentencing proceeding. In anticipation of such errors, and consistent with *Bozza,* New York law provides the appropriate remedy: If an inmate has received an illegal sentence, the state may move to have the offending sentence vacated and the defendant resentenced by a judge. *See* N.Y.Crim. Proc. Law § 440.40. Section 440.40 provides, in relevant part, that "[a]t any time not more than one year after the entry of a judgment, the court in which it was entered may, upon motion of the people, set aside the sentence upon the ground that it was invalid as a matter of law." *Id.* § 440.40(1). The defendant and his counsel must be informed of such a motion and given an opportunity to appear in opposition to the motion. *Id.* § 440.40(4). If the court grants the people's motion, it must then resentence the

defendant in accordance with the law. *Id.* § 440.40(5).

Thus, when DOCS discovered the oversight made by Earley's sentencing judge, the proper course would have been to inform the state of the problem, not to modify the sentence unilaterally. The state then could have moved to correct the sentence through a judicial proceeding, in the defendant's presence, before a court of competent jurisdiction. *See Wampler,* 298 U.S. at 464, 56 S.Ct. 760 ("If the [order of commitment] is inaccurate, there is a remedy by motion to correct it to the end that it may speak the truth.").

New York's Department of Correctional Services has no more power to alter a sentence than did the clerk of the court in *Wampler.* Earley's sentence was therefore never anything other than the six years of incarceration imposed on him by the judge at his sentencing hearing and recorded in his order of commitment. The additional provision for post-release supervision added by DOCS is a nullity. The imposition of a sentence is a judicial act; only a judge can do it. The penalty administratively added by the Department of Corrections was, quite simply, never a part of the sentence.

Because we find that clearly established Supreme Court precedent renders the five-year PRS term added to Earley's sentence by DOCS invalid, we vacate the district court's judgment and remand the case for that court to determine whether Earley's petition for a writ of habeas corpus was timely filed. Should the district court

1. Although *Wampler* does not identify the source of the rule that it announces, we believe that it is based in the due process guarantees of the United States Constitution. *Wampler* does not hold that the defendant *could* not have been sentenced to the punishment that the state attempts to impose on him. It simply recognizes that he *was* not sentenced to that punishment. Any deficiency in the sentence could have been corrected through the proper procedures. The Supreme Court thus recognizes that procedural requirements in sentencing demand that a sentence must be imposed by a judge, on the record, in court.

determine that the petition was timely, it is instructed to issue a writ of habeas corpus excising the term of post-release supervision from Earley's sentence and relieving him of any subsequent penalty or other consequence of its imposition. Our ruling is not intended to preclude the state from moving in the New York courts to modify Earley's sentence to include the mandatory PRS term.[2] Because we have determined that New York's modification of Earley's sentence violates clearly established federal law and requires us to grant his habeas petition in the event the petition was timely, we need not consider Earley's claim that his counsel was ineffective.

## CONCLUSION

The judgment of the district court is vacated and the case remanded for further proceedings consistent with this opinion.

**2.** It is not clear whether such a motion could be made at this time under New York law, which appears to require such motions to be filed within one year of the entry of judgment. N.Y.Crim. Proc. Law § 440.40. Any such questions will be for the New York courts to decide in the event such an application is made.