*1106 OPINION OF THE COURT
Caesar Cirigliano, J.
Petitioner brings this action pursuant to CPLR article 78, seeking the issuance of an order vacating the five-year period of postrelease supervision imposed by the Department of Correctional Services and requiring the Division of Parole to vacate parole violation warrant No. 38806.
Respondent cross-moves seeking the dismissal of the instant proceeding pursuant to CPLR 2215, 3211 (a) and 7804 (f) on the grounds that the court lacks jurisdiction because petitioner has failed to exhaust his administrative remedies and further, that the petition does not present a “proper case” for an order to show cause pursuant to CPLR 2214 (d).
It must be noted that respondent has waived the affirmative defense of the statute of limitations. (See, CPLR 3211 [e]; 3018 [b]; see also, Matter of Hans v Burns, 48 AD2d 947 [3d Dept 1975]; Mendez v Steen Trucking, 254 AD2d 715 [4th Dept 1998].)
Procedural History
On April 5, 2000, petitioner was sentenced by the Honorable Carol Berkman, Supreme Court, New York County, to a determinate term of six years for burglary in the second degree, a class C felony. At the time of sentencing, however, the court did not impose a period of postrelease supervision (hereinafter PRS) as part of the sentence. Regardless, a five-year period of postrelease supervision was administratively imposed by respondent, New York State Department of Correctional Services (hereinafter DOCS).
On November 26, 2004, petitioner was released to PRS under the supervision of respondent, New York State Division of Parole (hereinafter Division). Petitioner was to be supervised by the Division until November 26, 2009.
On January 4, 2006, petitioner was declared delinquent with respect to his parole obligations and charged with six violations of his parole. Thereafter, parole warrant No. 38806 was executed. On February 6, 2006, petitioner was served with a notice of violation.
On February 23, 2006, after a waiver by petitioner of his preliminary parole revocation hearing, and at his final parole revocation hearing, petitioner was found to have violated the conditions of his release and imposed a delinquent time assessment of 12 months.
*1107 Petitioner is currently incarcerated in Rikers Island and cannot proceed via a writ of habeas corpus as unrelated criminal charges are pending against him for which bail has not been posted.
Arguments
In support of his petition, petitioner’s primary argument rests upon the recent decision of Earley v Murray rendered by the Second Circuit (451 F3d 71) which held in part that PRS is not merely a direct consequence of a determinate sentence but is in fact part of the sentence itself and as such it may only be imposed by the sentencing judge and a nullity if imposed administratively after sentencing. Thus, on that basis, petitioner argues that the five-year PRS imposed upon him by DOCS was unlawful and therefore it must be vacated and consequently the parole violation warrant must be vacated as well.
Respondent, however, argues that petitioner has failed to exhaust his administrative remedies and therefore the court lacks jurisdiction to consider the petition. Moreover, respondent argues that petitioner must move by CPL 440.10 as it is the proper remedy to challenge the imposition of PRS. Respondent also relies on recent Supreme Court, Bronx County, decisions (People ex rel. Garner v Warden, Index No. 51225/96, slip op at 4-5, Gross, J.; People ex rel. Franklin v Warden, Index No. 51409/06, Clancy, J.) where my colleagues in the Bronx Supreme Court dismissed writs of habeas corpus on the ground that a CPL article 440 motion is the proper vehicle for challenging the imposition of PRS. In addition, respondent argues that Earley is a federal decision and thus, it is not controlling precedent in this court. Respondent cites People v Kin Kan (78 NY2d 54 [1991]) which stands for the proposition that “the interpretation of federal constitutional law by a lower federal court is persuasive but not binding authority on New York courts” (People v Keile, 13 Misc 3d 1204[A], 2006 NY Slip Op 51684[U], *3 [2006]). Moreover, respondent asserts that the instant case is not a proper case for an article 78 proceeding and that petitioner should have filed a notice of motion.
In response to respondent’s cross motion, petitioner argues that “[T]he requirement that a petitioner exhausts his administrative remedies prior to filing an article 78 petition presupposes the existence of remedies provided by the administrative agency whose actions are being challenged.” Further, that a CPL article 440 motion is not an administrative remedy, “to the *1108 contrary, it is a court proceeding provided for in the Criminal Procedure Law. Thus, the argument that the failure to file a [CPL article] 440 motion must result in the dismissal of the instant Article 78 proceeding for failure to exhaust administrative remedies is unsound.” Specifically, as to the instant case, petitioner asserts that there are no administrative procedures set forth for challenging the imposition of PRS.
Discussion
As it applies to the instant case, an article 78 proceeding will serve to review DOCS’ practice of imposing postrelease supervision upon defendants where the judiciary has failed to do so at the time of sentencing. Specifically, CPLR 7803 (2) highlights the question that must be asked “whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction.”
Penal Law § 70.45 (1) states:
“Each determinate sentence also includes, as a part thereof, an additional period of post-release supervision. Such period shall commence as provided in subdivision five of this section and a violation of any condition of supervision occurring at any time during such period of post-release supervision shall subject the defendant to a further period of imprisonment of at least six months and up to the balance of the remaining period of post-release supervision, not to exceed five years. Such maximum limits shall not preclude a longer period of further imprisonment for a violation where the defendant is subject to indeterminate and determinate sentences.” (Emphasis added.)
In the matter of People v Catu (4 NY3d 242 [2005]) the Court of Appeals held by way of clarification of Penal Law § 70.45 that “[b]ecause a defendant pleading guilty to a determinate sentence must be aware of the postrelease supervision component of that sentence in order to knowingly, voluntarily and intelligently choose among alternative courses of action, the failure of a court to advise of postrelease supervision requires reversal of the conviction.” (Catu at 245.) Further, the Court emphasized the mandatory component of the imposition of post-release supervision and the court’s duty in ensuring that a defendant pleading guilty has “a full understanding of what the plea connotes and its consequences.” (Catu at 244-245, citing People v Ford, 86 NY2d 397 [1995].) It has also been held that a *1109 “determinate sentence without the postrelease supervision constitutes an illegal sentence.” (People v Bell, 305 AD2d 694, 694 [2d Dept 2003].)
On the other hand, the Appellate Division in the Fourth Department has held that PRS is mandatory for “determinate sentences and automatically included in the sentence” and since Penal Law § 70.45 specifies a specific period of PRS that there is no need for the court to specify a period of PRS unless it seeks to impose a shorter period. (People v Hollenbach, 307 AD2d 776, 776 [4th Dept 2003], citing People v White, 296 AD2d 867 [4th Dept 2002]; People v Crump, 302 AD2d 901 [2003]; People v Bloom, 269 AD2d 838 [2000].)
There is universal agreement regarding the mandatory component of Penal Law § 70.45 and, based on these decisions, it is very clear that PRS is part of any determinate sentence thus logically, it falls under the purview of a sentencing structure which exists exclusively in the domain of the judiciary. Therefore, an issue arises where an administrative agency has taken it upon itself to impose PRS where a judge has failed to do so at the time of sentencing. An argument can be made that the courts’ reticence to address this specific issue lies in the fact that, as the Court in Hollenbach stated, PRS is “automatically included.” However, this court is having a difficult time reconciling the idea that a sentence can be automatically included, with the idea of a defendant being uninformed of this fact. Moreover, since PRS is part of sentencing which is within the exclusive domain of the judiciary, this court, as others, has a difficult time with the “custom” of DOCS imposing PRS upon defendants.
In People v Keile (13 Misc 3d 1204[A], 2006 NY Slip Op 51684[U], *1 [2006]), Justice McLaughlin dealt with CPL 440.10 and 440.20 motions “to vacate [defendant’s] guilty plea or modify [defendant’s] sentence on the ground that [the] court did not inform him, before he had pleaded guilty, that his sentence would include a mandatory period of five years of post-release supervision.” In his decision, Justice McLaughlin appealed for guidance in cases where DOCS has administratively imposed PRS. Justice McLaughlin pointed out the different issues that arise from DOCS’ act such as the constitutionality of the actions and whether the courts have an inherent power to correct their failure to impose PRS. Faced with CPL 440.10 and 440.20 motions, Justice McLaughlin resentenced the defendant and imposed the mandatory term of PRS that was not imposed at sentencing.
*1110 The court is aware that our colleagues, when faced with a writ of habeas corpus seeking to vacate the administratively imposed PRS, have held that the petitioner had to move pursuant to CPL 440.10 and 440.20 seeking the vacatur of the sentence. CPL 440.10 and 440.20 are defendants’ remedies with the exception that the district attorney has one year to move to vacate a sentence where it is determined that the sentence is illegal. The courts therefore, cannot sua sponte review, correct or alter an illegal sentence but must wait for a defendant to move to vacate his sentence. In the instant case, however, we are not faced with a writ of habeas corpus but with an article 78 proceeding which in fact seeks to review the actions of the administrative body. The courts are vested with the authority to effectuate said review upon motion by petitioner and, in this matter, this court is compelled to do just that. Requiring this defendant to move via a CPL 440.10 motion would ignore the administrative action that requires review.
Petitioner relies on the recent case of Earley v Murray (451 F3d 71 [2006]) to support his argument that the PRS added by DOCS is a “nullity” and thus must be vacated. The court in Earley in fact held, relying on Hill v United States ex rel. Wampler (298 US 460 [1936]), that: “The additional provision for post-release supervision added by DOCS is a nullity. The imposition of a sentence is a judicial act; only a judge can do it. The penalty administratively added by the Department of Corrections was, quite simply, never a part of the sentence.” (451 F3d at 76.)
The respondent in Earley consequently petitioned the court for rehearing of the decision and argued in part that the court “failed to recognize that New York law automatically includes a period of PRS in every determinate sentence.” (462 F3d 147, 148.) The court however, held fast to its prior determination and rejected respondent’s arguments, once again stating that “we adhere to our view that the inclusion of a five-year period of PRS in [petitioner’s] sentence when that PRS was not included in the sentence imposed at [petitioner’s] sentencing hearing violated his rights under the Due Process Clause of the United States Constitution.” (Id.) Further, the court emphasized that a “judicially-imposed sentence includes only those elements explicitly ordered by the sentencing judge” (Earley v Murray, 462 F3d 147, 149 [2006]).
Respondent, on the other hand, asserts in reference to Earley that the decision supports the dismissal of this petitioner’s *1111 article 78 proceeding because the court in Earley required the petitioner to exhaust his “administrative remedies.”
The problem with respondent’s argument other than one of interpretation of the particular case (Earley does refer to the exhaustion of state remedies only) is that it presupposes that there is an administrative remedy to ameliorate or correct the erroneous action taken by DOCS. Respondent refers to CPL 440.10 as an administrative remedy which is incorrect. An administrative remedy would have to have its source within the administrative body, that is DOCS, to support this argument. A CPL 440.10 motion is a judicial remedy. Clearly, a petitioner faced with an administratively imposed sentence does not have a remedy to require the administrative body to review its determination except bringing an action seeking judicial review of the determination, i.e., an article 78 proceeding.
Citing People v Kin Kan (78 NY2d 54), respondent asserts that Earley is a federal decision and hence not controlling precedent in this court while petitioner argues that, although Earley is not binding on our Court of Appeals, it nonetheless serves as “useful and persuasive authority” (id. at 60).
This court is in agreement with petitioner in that Earley does serve as “useful and persuasive authority.”
Therefore, it is this court’s opinion that DOCS’ “custom” of imposing PRS where the judiciary has failed to do so at the time of sentencing constitutes an administrative action that falls beyond the authority of the department and thus it is unlawful. The judiciary is the only entity vested with the authority to pronounce a determinate sentence and since PRS is a component of said determinate sentence, the judiciary is the only entity that can impose it. Accordingly, the motion by petitioner is granted. It is therefore ordered that the PRS imposed by DOCS as well as parole violation warrant No. 38806 be vacated.
In light of this decision, the court strenuously advises DOCS to review its custom of administratively imposing PRS on defendants where a judge has failed to do so at the time of sentencing.