■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN GUERRERO, Appellant. [834 NYS2d 471]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Lewis, J.), dated April 28, 2006, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered November 6, 2000, convicting him of robbery in the first degree

and robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant pleaded guilty to robbery in the first degree and robbery in the second degree in exchange for a promise that he would be sentenced to a determinate prison term of 12 years on each count, to run concurrently with each other. He was sentenced to the promised term. Neither the sentencing minutes nor the court's order of commitment mentioned the imposition of any period of postrelease supervision. Therefore, the sentence actually imposed by the court never included, and does not now include, any period of postrelease supervision (*see Hill v United States ex rel. Wampler,* 298 US 460 [1936]; *People v Wilson,* 37 AD3d 855 [2007]; *People v Noble,* 37 AD3d 622 [2007]; *Earley v Murray,* 451 F3d 71 [2006], *rearg denied* 462 F3d 147 [2006]; *but see People v Sparber,* 34 AD3d 265 [2006], *lv denied* 8 NY3d 885 [2007]). Under these circumstances, the defendant received precisely the sentence for which he bargained, and therefore he has failed to articulate any reason why his judgment of conviction, upon his plea of guilty, should be vacated (*cf. People v Catu,* 4 NY3d 242 [2005]). Accordingly, we affirm the denial of his motion pursuant to CPL 440.10. Crane, J.P., Krausman, Covello and Carni, JJ., concur.