■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JONES, Appellant. [860 NYS2d 119]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 1, 2003, convicting him of manslaughter in the first degree and robbery in the first degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Dennis M. Walsh is relieved as the attorney for the appellant, and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Charles O. Lederman, 15 Avondale Rd., White Plains, N.Y., 10605, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the certified transcript of the proceedings to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

On a prior appeal in this matter, the defendant's assigned counsel submitted a brief in accordance with *Anders v Califor-*

*nia* (386 US 738 [1967]), in which he moved to be relieved of the assignment to prosecute this appeal. This Court granted the motion and assigned present appellate counsel, observing that, "[u]pon this Court's independent review of the record, we conclude that potentially nonfrivolous issues may exist, inter alia, with respect to the defendant's sentencing and the court's failure to specify the statutorily mandated period of postrelease supervision" (*People v Jones,* 41 AD3d 863, 864 [2007]). Counsel has now submitted a brief seeking to be relieved of the assignment to prosecute this appeal. Addressing the issue we identified in our prior decision and order, counsel states only that "[t]he Court's failure to specifically utter the period is in the realm of harmless error, as there was no discretion to be applied by the Court regarding the length of the period." Without passing on the merits, we continue to see the issue as nonfrivolous, and one that should be briefed on behalf of the defendant (*see People v Sparber,* 10 NY3d 457, 471 [2008]; *People v Boyd,* 51 AD3d 325 [1st Dept 2008]). Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633, 638 [2001]). Fisher, J.P., Santucci, Balkin and Belen, JJ., concur.