[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15691
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-22059-CV-AJ

ROBERTO RODRIGUEZ,

Petitioner-Appellant,

versus

FLORIDA PAROLE COMMISSION,
Fred Dumphy, Chairperson,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
Walter McNeil,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 3, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Roberto Rodriguez, a state inmate proceeding pro se, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court found that Rodriguez's claims reveal no deprivation of a federally protected right upon which habeas relief could be based. We granted a Certificate of Appealability ("COA") on the following issue: "Whether the district court erroneously discounted the time that the petitioner spent on conditional release in determining whether his custodial term exceeded his judicially imposed sentence, and if so, whether it erred in concluding that the administrative extension of his tentative release date did not violate due process and/or double jeopardy principles." After thorough review, we affirm and conclude that the administrative extension of Rodriguez's tentative release date did not constitute a violation of due process or double jeopardy principles.

I.

We briefly review the facts that pertain to Rodriguez's habeas petition. On September 1, 1993, after pleading nolo contendere, Rodriguez was sentenced to seventeen years in prison, with credit for the 911 days he had previously served. Approximately six years later, on July 8, 1999, Rodriguez had accrued enough

2

gain time to be released on a conditional basis.[1]  Six years after his conditional

release, on May 23, 2005, Rodriguez violated the terms of his release.  As a result,

the Florida Parole Commission revoked Rodriguez's conditional release, effective

as of May 23, 2005.  The Commission also revoked all of Rodriguez's accrued

gain time and declined to give Rodriguez credit for the time that he spent out of

prison on conditional release.  In effect, Rodriguez's tentative date of release upon

reincarceration was extended to a future date years later than his original tentative

date of release.  Rodriguez argues that this constituted an improper administrative

extension of his judicially-imposed sentence in violation of due process and

double jeopardy principles.

## II.

"When examining a district court's denial of a § 2254 habeas petition, we

review questions of law and mixed questions of law and fact <u>de novo</u>, and findings

of fact for clear error."  <u>Gonzales v. Sec'y, Fla. Dep't Corrs.</u>, 629 F.3d 1219, 1220

(11th Cir. 2011) (quotation marks omitted).  Under that standard, we must affirm a

district court's findings of fact unless "the record lacks substantial evidence" to

support them.  <u>Lightning v. Roadway Express, Inc.</u>, 60 F.3d 1551, 1558 (11th Cir.

---

[1] Under Florida's conditional release program "any gain time an inmate receives is converted into conditional release supervision upon his or her release from prison."  <u>Mayes v. Moore</u>, 827 So. 2d 967, 970 (Fla. 2002).

3

1995) (quotation marks omitted). When reviewing state court determinations in habeas cases, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68, 112 S. Ct. 475, 480 (1991).

Rodriguez argues that the time an inmate spends on conditional release should count towards the time served on his overall sentence because the inmate remains in custody while on conditional release.[2] Florida courts have held that the Florida Parole Commission has statutory authority to deny credit for time spent on conditional release when that release is revoked due to a violation of the terms and conditions of the release. See Rivera v. Singletary, 707 So. 2d 326, 327 (Fla. 1998). By statute, the Florida Parole Commission may revoke conditional release and "thereby return the releasee to prison to serve the sentence imposed." Fla. Stat. § 947.141(4). Moreover, under Florida law, if conditional release is revoked, "the department may, without notice or hearing, declare a forfeiture of all gain-

---

[2] The case on which Rodriguez primarily relies to support his position, Earley v. Murray, 451 F.3d 71 (2d Cir. 2006), does not help him. In Earley, the Second Circuit held that a habeas petitioner's due process rights were violated when the New York Department of Corrections administratively added a five-year term of post release supervision to the prisoner's sentence. Id. at 75–76. In that case, however, unlike this one, the prisoner had not violated the conditions of his confinement, parole, or conditional release. Rather, the term of post release supervision was added administratively, pursuant to a new statute of which the defendant, his counsel, the prosecutor and the sentencing judge were unaware when the defendant pleaded guilty and was sentenced, while the prisoner was serving his sentence. Id. at 72–73.

time earned according to the provisions of law by such prisoner prior to . . . his or her . . . conditional release." Fla. Stat. § 944.28(1). "[F]orfeitures of gain-time, when ordered, shall be applied to make the tentative release date proportionately later." Fla. Stat. § 944.275(3)(a). Under Florida law, therefore, the Parole Commission had authority to deny Rodriguez credit for the time he spent on conditional release because he violated the terms of his release.

While we have never decided whether a state Parole Commission's denial of credit for the time an inmate spent on conditional release violates federal law,[3] we have rejected this argument in the context of federal parole. Addressing federal parole violations, the former Fifth Circuit rejected the double jeopardy argument, similar to the one pressed here, that when parole is revoked upon violation, the time spent on parole should count towards time served on a prisoner's sentence.[4] See Clark v. Blackwell, 374 F.2d 952, 953 (5th Cir. 1967). The former Fifth Circuit explained that in federal parole, the "time spent on parole shall not diminish the sentence where a prisoner has violated his parole and is required to

---

[3] This Court has concluded, however, that the Florida Parole Commission did not create a cognizable liberty interest in parole by virtue of its statutory framework for parole. Hunter v. Fla. Parole & Prob. Comm'n, 674 F.2d 847, 848 (11th Cir. 1982) ("[T]here is no inherent or constitutional right to conditional release before the expiration of a valid sentence.").

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

5

serve the remainder of his sentence." Clark, 374 F.2d at 953; see also Thompson

v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001) (holding that Due Process Clause

does not require a federal prisoner to receive credit for time spent on supervised

release if release is revoked); cf. Dill v. Holt, 371 F.3d 1301, 1303 (11th Cir.

2004) (concluding that a state prisoner is in custody pursuant to his original state

conviction and sentence upon reincarceration after his parole is revoked).

Moreover, our predecessor court has rejected the argument that it violates due

process principles to require a parole violator to serve the remaining time on his

sentence, even if that causes the prisoner's "incarceration [to extend] past the final

expiration of the maximum sentence as established at the time of imposition."

Sturgis v. United States, 419 F.2d 390, 390 (5th Cir. 1969); see also Swicegood v.

U.S. Parole Comm'n, 755 F.2d 880, 881 (11th Cir. 1985) (noting that parole

violation results in forfeiture of good time credit and credit for time spent on

parole).

Based on this binding precedent, we reject Rodriguez's due process and

double jeopardy claims. Cf. Lambert v. Warden, U.S. Penitentiary, 591 F.2d 4, 8

(5th Cir. 1979) (concluding it is well-settled that once a federal prisoner's release

is revoked because of a violation of its conditions, the parole commission "ha[s]

the authority to forfeit the [prisoner]'s good-time credit as well as credit for time

6

spent on conditional release").  The district court did not err in discounting the time Rodriguez spent on conditional release in determining whether his custodial sentence exceeded his judicially imposed sentence.

**AFFIRMED.**