11-345-cv
King v. Cuomo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of March, two thousand twelve.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges.*

-------------------------------------------------------------------------

RICHARD KING, DANIEL RIVERA, JOSE OTERO, NELSON FERMIN, HARVIL ST. LOUIS, ERIC SANTIAGO, SHAWN COLEMAN, FREDDIE PICKENS, MAURICE MALLETTE, KEVIN RESHARD, ADAM NADLER, KENNETH BRYE, DERRICK STOREY, TEDDY DALEY, LANDEL ELLIS, WILLIE LOYD, MARIO COX, SHAWN APPLEBY, SCOTT GULDI, JOSEPH AMICO, DONNELL HOYES, DERYCK JACKSON, SALVATORE RUSSO, DANIEL WILLIAMS, STANLEY JOHNSON, KEVIN HILTON, EDWARD EALEY, a.k.a. Edward Jones, PETER PRICE, on behalf of themselves and other members of their class similarly situated,

                    *Plaintiffs-Appellants*,

BURRIS AVANT, JOSE SANTOS, JEFFREY WATKINS, CECIL RICHARDSON, THOMAS TAYLOR,
                    *Plaintiffs*,

       v.                                     No. 11-345-cv

ATTORNEY GENERAL ANDREW M. CUOMO, in his personal and official capacities, ELIOT SPITZER, in his personal capacity as former Attorney General and in his personal capacity as former Governor, COMMISSIONER BRIAN FISCHER, Department of Correctional Services in his official and individual capacities, LUCIEN J. LECLAIRE, former Acting Commissioner Department of Corrections in his Individual Capacity, ANTHONY J. ANNUCI, Deputy Commissioner of Corrections and Legal Counsel in his individual and official capacities, JOHN PATTERSON, former Executive Commissioner in his individual capacity jointly and severally, GOVERNOR DAVID PATERSON, in his personal and official capacities,
*Defendants-Appellees.*[*]

-------------------------------------------------------------------------

FOR APPELLANTS:        Anthony Ofodile, Ofodile & Associates, P.C., Brooklyn, New York.

FOR APPELLEES:        Laura R. Johnson, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 6, 2011, is AFFIRMED.

Plaintiffs are twenty-eight individuals whose judicially imposed New York State sentences specified determinate terms of incarceration, but not ensuing terms of post-release

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

supervision ("PRS").  Nonetheless, plaintiffs were subjected to PRS terms administratively imposed by corrections officials pursuant to N.Y. Penal Law § 70.45.  Plaintiffs here appeal the dismissal, on qualified immunity grounds, of their Fifth Amendment double jeopardy claims under 42 U.S.C. § 1983, against named current and former New York State officials for imposing and enforcing these PRS terms.  We review the dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) de novo, "accepting as true all material allegations of the complaint and drawing all reasonable inferences in favor of the plaintiff."  Scott v. Fischer, 616 F.3d 100, 105 (2d Cir. 2010).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[1]

1.    Multiple Punishment

Plaintiffs argue that the district court erred in dismissing their double jeopardy claim that the administrative imposition of a PRS term following a judicially imposed determinate prison term constitutes "multiple punishments for the same offense."  United States v. Pettus, 303 F.3d 480, 487 (2d Cir. 2002) (internal quotation marks omitted).  "[I]n the multiple punishments context[,] the interest that the Double Jeopardy Clause seeks to protect is limited to ensuring that the total punishment did not exceed that authorized by the legislature."  Id. at 488 (internal quotation marks and brackets omitted).  Thus, where a legislature intends "to impose multiple punishments, imposition of such sentences does not

_____

[1] Because plaintiffs do not challenge the dismissal of their claims against defendants in their official capacities, or the district court's dismissal of their claims for declaratory and injunctive relief, we do not address these claims further.

3

violate the Constitution." Albernaz v. United States, 450 U.S. 333, 344 (1981). Here, the New York State legislature undoubtedly intended that plaintiffs be sentenced to PRS terms as well as determinate sentences. When plaintiffs were sentenced, N.Y. Penal Law § 70.45 provided that "[e]ach determinate sentence also includes, as a part thereof, an additional period of post-release supervision." N.Y. Penal Law § 70.45(1) (1998), amended by 2008 N.Y. Sess. Laws Ch. 141, § 3 (2008); see also Missouri v. Hunter, 459 U.S. 359, 368 (1983) (holding double jeopardy not violated "[w]here, as here, a legislature specifically authorizes cumulative punishment under two statutes"). Accordingly, plaintiffs fail to state a double jeopardy claim for multiple punishment.

Insofar as plaintiffs' real complaint is that the legislative intent to have them serve both prison and PRS terms was effected by a combination of judicial and administrative orders, their claims raise due process, not double jeopardy, concerns. See Earley v. Murray, 451 F.3d 71, 76 (2d Cir. 2006) (holding administratively imposed terms of PRS violated due process). But because a due process right to be free from administratively imposed PRS terms was not clearly established before Earley, see Scott v. Fischer, 616 F.3d at 107-08, the district court correctly concluded that defendants were qualifiedly immune from suit for PRS terms administratively imposed before Earley. The complaint does not sufficiently allege post-Earley administrative imposition of terms of PRS because it does not indicate which plaintiffs had terms of PRS administratively imposed without judicial resentencing, or when such terms were imposed. Indeed, on appeal, plaintiffs suggest that their PRS terms could

4

have been imposed at any time after 2000 in arguing that, for purposes of qualified immunity, "the challenged action" occurred "when Defendants started imposing PRS, in or about the year 2000/2001." Appellant's Br. at 22. Accordingly, we conclude that plaintiffs have not sufficiently alleged that defendants administratively imposed terms of PRS on them after our decision in Earley so as to avoid dismissal on qualified immunity grounds.

2.     Expectation of Finality

Alternatively, plaintiffs submit that defendants upset their expectations of finality in their judicially imposed determinate sentences by altering them to include administratively imposed terms of PRS. See United States v. Kyles, 601 F.3d 78, 83-84 (2d Cir. 2010) (holding that Double Jeopardy Clause prohibits alterations to sentences "carrying a legitimate expectation of finality"). Plaintiffs point to no law clearly establishing a prisoner's legitimate expectation of finality in a sentence that fails to include a PRS term mandated by law. See N.Y. Penal Law § 70.45. Defendants are thus qualifiedly immune from suit—on either double jeopardy or due process grounds—insofar as their administrative imposition of PRS terms "rel[ied] on a presumptively valid state statute" that is not "grossly and flagrantly unconstitutional." Vives v. City of New York, 405 F.3d 115, 117 (2d Cir. 2005) (internal quotation marks omitted).

Nothing in our decision in Earley signaled that an expectation of finality attached to a judicially imposed determinate sentence so as to preclude subsequent imposition of a PRS term. Indeed, after Earley, the New York State legislature authorized state courts to

5

resentence offenders who had not received judicially imposed terms of PRS. See N.Y. Correct. Law § 601-d (2008). No federal or state court has held that such resentencing violates double jeopardy's reasonable expectation of finality, except in circumstances where offenders have completed their determinate terms and been released from custody. Even as to those offenders, no court reached that conclusion until the New York Court of Appeals decided People v. Williams in 2010. See People v. Williams, 14 N.Y.3d 198, 899 N.Y.S.2d 76 (2010).

Thus, because neither clearly established principles of double jeopardy nor due process prohibited defendants from administratively imposing legislatively mandated PRS terms before 2006, or from obtaining judicial resentencing of offenders already released from their determinate prison terms before 2010, the district court correctly granted dismissal on the ground of qualified immunity.

3. Conclusion

We have considered plaintiffs' remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment is AFFIRMED.[1]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Because we affirm the dismissal of plaintiffs' amended complaint, plaintiffs' motion for an order directing the district court to allow them an opportunity to further amend their complaint is denied as moot.