09-4532-cv
Rivers v. Fischer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of August, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             ROBERT D. SACK,
             REENA RAGGI,
                       Circuit Judges.

---

DERRICK RIVERS,

                                        Plaintiff-Appellant,

        -v-                                    (09-4532-cv)

BRIAN FISCHER, individually and as Commissioner of the New York State Department of Correctional Services, RICHARD H. HARDING, individually and as acting Superintendent of the Mohawk Correctional Facility, GEORGE E. ALEXANDER, individual and as Chairman of the New York State Division of Parole and JOHN DOE 1-10,

                                        Defendants-Appellees.

---

Appearing for Appellant:     Michael Colihan, Law Office of Michael Colihan, Brooklyn, NY.

Appearing for Appellees:     Cecilia C. Chang, Assistant Solicitor General, for Andrew Cuomo, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Batts, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Derrick Rivers appeals a September 28, 2009 decision and order of the United States District Court for the Southern District of New York (Batts, J.) granting defendants-appellees' motion to dismiss Rivers's suit on qualified immunity grounds. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A government official is entitled to qualified immunity for his actions unless his conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009). The Second Circuit has held that a right is "clearly established" for qualified immunity purposes if "(1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) 'a reasonable defendant would have understood from the existing law that his conduct was unlawful.'" *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir. 2003) (quoting *Young v. County of Fulton*, 160 F.3d 889, 903 (2d Cir. 1998)).

After the Second Circuit's decision in *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006), there is no doubt that Rivers's constitutional rights were violated when the Department of Corrections administratively imposed a 5-year term of supervised release that was not orally pronounced by the sentencing judge. However, that right was not clearly established in 1999, when Rivers was originally sentenced; in 2003, when Rivers began serving his term of supervised release; or in 2004, when he was sentenced to an additional 4 years' imprisonment for violating the terms of his supervised release. *See Scott v. Fischer*, No. 09-1451-cv, 2010 WL 2991085, at *6 (2d Cir. Aug. 2, 2010) (right to have mandatory term of supervised release pronounced by sentencing judge not clearly established until at least 2006). Therefore, defendants-appellees are entitled to qualified immunity for those actions.

Rivers also argues that defendants-appellees violated his constitutional rights by failing to release him immediately after *Earley* was decided. Even after *Earley*, however, it was not clearly established that Rivers had the right to be immediately released from custody. *See Earley*, 451 F.3d at 77. ("Our ruling is not intended to preclude the state from moving in the New York courts to modify Earley's sentence to include the mandatory [supervised release] term."). In April 2008, the New York Court of Appeals held that the failure of the sentencing judge to orally pronounce a term of supervised release was a procedural error that could be corrected through resentencing. *People v. Sparber*, 10 N.Y.3d 457 (2008). The New York Legislature provided a mechanism for such resentencing in June 2008. *See* N.Y. Correct. Law § 601-d.[1] Rivers was brought before a judge and released less than two months later. Given the ambiguity in the law between *Earley* and the time of Rivers's release, defendants-appellees are entitled to qualified immunity on this claim as well.

---

[1] A new mechanism was needed because, in many cases, the one-year statute of limitations for motions to correct/amend a sentence had expired. *See* N.Y. Crim. Proc. Law § 440.40.

Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk