10-1221-pr
Joyner-El-Qawi-Bey v. Russi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of September, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

WILLIAM L. JOYNER-EL-QAWI-BEY,
        Plaintiff-Appellant,

        -v.-                                      10-1221-pr

RAUL RUSSI, CHAIRMAN DIVISION OF PAROLE,
DENNIS BRESLIN, SUPERINTENDENT, ARTHUR
KILL CORRECTIONAL FACILITY, FRANKLIN
CORRECTIONAL FACILITY, BRIAN FISCHER,
COMMISSIONER, NEW YORK STATE DEPARTMENT
OF CORRECTIONAL SERVICES,
        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:       WILLIAM L. JOYNER-EL-QAWI-BEY, pro se, Malone, New York.

FOR DEFENDANTS-APPELLEES:       BARBARA D. UNDERWOOD, Solicitor General (Richard Dearing, Deputy Solicitor General, Laura R. Johnson, Assistant Solicitor General of Counsel, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gleeson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

In 2009, plaintiff-appellant William Joyner-El-Qawi-Bey ("appellant"), proceeding pro se, brought a civil rights action pursuant to 42 U.S.C. § 1983 against the New York State Department of Correctional Services and its current and former officials, seeking injunctive relief and compensatory damages. Appellant alleges that defendants violated his constitutional rights by administratively imposing a term of post-release supervision in 2006, and continuing to enforce the supervision term until his resentencing in 2009. On March 23, 2010, the district court granted defendants-appellees' motion to dismiss appellant's claims for compensatory damages on the basis of qualified immunity and the Eleventh Amendment.

Our review of a district court's grant of a motion to dismiss, based upon qualified immunity grounds and the Eleventh Amendment, is de novo, accepting as true all material allegations of the complaint and drawing all reasonable inferences in plaintiff's favor. Pena v. DePrisco, 432 F.3d 98, 107 (2d Cir. 2005).

After having independently reviewed the record in light of these principles, as to the claims for damages, we affirm the judgment for substantially the reasons set forth in the district

-2-

court's decision and in this Court's decision in <u>Scott v. Fischer</u>, 616 F.3d 100 (2d Cir. 2010).  In addition, because appellant did not challenge the district court's holding that his claim against the Franklin Correctional Facility was barred by the Eleventh Amendment, this claim is deemed abandoned.  <u>See</u> <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92-93 (2d Cir. 1995).

The district court, however, did not discuss appellant's claims for equitable relief.  In addition to seeking damages, appellant had also sought injunctive relief in the form of removal from the Division of Parole's supervision and custody. Qualified immunity and sovereign immunity under the Eleventh Amendment do not bar such claims for equitable relief.  <u>Fulton v. Goord</u>, 591 F.3d 37, 45 (2d Cir. 2009) (holding injunctive relief is not barred by the Eleventh Amendment); <u>Adler v. Pataki</u>, 185 F.3d 35, 48 (2d Cir. 1999) (holding that qualified immunity does not bar actions for declaratory or injunctive relief).

Nonetheless, based on the record below, the district court did not err in dismissing all claims.  Upon appellant's resentencing by the New York State Supreme Court, the court reinstated its original sentence of four years with no period of post-release supervision, thus terminating the Division of Parole's custody of appellant.  This occurred approximately one month after appellant filed the present underlying action in the district court.  Therefore, appellant's claims for declaratory and injunctive relief are moot.

-3-

We have considered appellant's other arguments on appeal and have found them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk