Paul BETANCES, Lloyd A. Barnes, Gabriel Velez a/k/a Gabriel Belize, individually and on behalf of all others similarly situated, Plaintiffs–Appellees,

v.

Brian FISCHER, in his capacity as Commissioner of the New York State Department of Correctional Services (DOCS), and in his individual capacity; Anthony J. Annucci, in his capacity as Deputy Commissioner and Counsel for DOCS, and in his individual capacity; Lucien J. Leclaire, Jr., former Acting Commissioner of DOCS, in his individual capacity; Glenn S. Goord, former Commissioner of DOCS, in his individual capacity; John/Jane Does 1–25 (DOCS Supervisory, Training, and Policy Personnel); Andrea W. Evans, in her capacity as Chair and Chief Executive Officer of the New York State Division of Parole (DOP), and in her individual capacity; Mark Mantei, in his capacity as Executive Director of DOP, and in his individual capacity; Terence Tracy, in his capacity as Chief Counsel for DOP, and in his individual capacity; Robert J. Dennison, former Chair of DOP, in his individual capacity; Anthony G. Ellis II, former Executive Director of DOP, in his individual capacity; George B. Alexander, former Chair and Chief Executive Officer of DOP, in his individual capacity; and John/Jane Does 26–50 (DOP Supervisory, Training, and Policy Personnel), Defendants–Appellants.

Kevin Michael Bentley, Felix Tavares, James Johnson, Jerry Pulley, Edwin Rivera, Hector Calderon, Keenan Jenkins, Joseph Santiago, Lawrence Jackson, Christopher Purdie, Robert Gil, Gerald Edmonds, Edward Montrano, Dwayne Dantzler, Walberto Perez, Rudolph Nurse, Anthony Hutchinson, Tyronne Johnson, Joseph Sharp, Sidney Burch and Kevin Darden, Plaintiffs–Appellees,

v.

Robert J. Dennison, as former Chair, New York State Division of Parole (Division) & in his individual capacity; Anthony G. Ellis II, as former Executive Director of the Division &

in his individual capacity; George B. Alexander, as former Chair and Chief Executive Officer of the Division & in his individual capacity; Terrence Tracy, as Chief Counsel to the Division & in his individual capacity; Brian Fischer, as Commissioner of the New York State Department of Correctional Services (DOCS) & in his individual capacity; Anthony J. Annucci, as Deputy Commissioner and Counsel for DOCS & in his individual capacity; Lucien J. Leclaire, Jr., as former Acting Commissioner of DOCS & in his individual capacity; Glenn S. Goord, as former Commissioner of Docs & in his individual capacity; and John and Jane Does 1–50, as Division and Docs Legal, Supervisory Training and Policy Personnel & in their individual capacities, Defendants–Appellants.

Nos. 12–0704–cv(L), 12–0741–cv(C).

United States Court of Appeals, Second Circuit.

June 4, 2013.

Steven C. Wu, Assistant Solicitor General, N.Y., N.Y. (Eric T. Schneiderman, Attorney General of the State of New York, Barbara D. Underwood, Solicitor General,

Richard Dearing, Deputy Solicitor General, N.Y., N.Y., on the brief).

Matthew D. Brinckerhoff, N.Y., N.Y. (Adam R. Pulver, Emery Celli Brinckerhoff & Abady, N.Y., N.Y., Joel Berger, Sonnenfeld & Richman, N.Y., N.Y., on the brief).

Present: AMALYA L. KEARSE, ROBERT A. KATZMANN, CHRISTOPHER F. DRONEY, Circuit Judges.

### SUMMARY ORDER

In these consolidated appeals, defendants Brian Fischer *et al.*, employees or former employees of the New York State Department of Correctional Services or the New York State Division of Parole, appeal from an order of the United States District Court for the Southern District of New York, Shira A. Scheindlin, *Judge*, denying their motions to dismiss, on grounds of qualified immunity, these actions brought by former New York State prisoners. Plaintiffs Paul Betances *et al.* seek damages and declaratory relief pursuant to 42 U.S.C. § 1983, alleging that defendants violated their rights to due process by administratively imposing and enforcing conditions of supervision on plaintiffs following their release from prison, despite the absence of any order for such supervision by the courts that sentenced plaintiffs for their crimes. Arguing that they were entitled to qualified immunity on the ground that the law was not clearly established at the time of their challenged conduct, defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). The district court denied the motions, ruling that plaintiffs' rights became clearly established when this Court decided *Earley v. Murray*, 451 F.3d 71 (2d Cir.), *reh'g denied*, 462 F.3d 147 (2d Cir.2006), *cert. denied*,

551 U.S. 1159, 127 S.Ct. 3014, 168 L.Ed.2d 752 (2007). Defendants challenge that ruling on this appeal.

In an opinion filed today in the consolidated appeals in *Vincent v. Yelich*, Nos. 11–3893, –3966, and *Earley v. Annucci*, No. 12–0439 ("*Vincent*"), this Court ruled that *Earley v. Murray* clearly established that the administrative imposition of post-release supervision terms not imposed by the court is unconstitutional. In *Vincent*, we vacated orders of the respective district courts that had dismissed, on qualified immunity grounds, claims against defendant Anthony J. Annucci that parallel the claims asserted by plaintiffs Betances et al. against the defendants in the present actions. Defendants in the present actions have not presented any basis in their brief on appeal for distinguishing between the claims against Annucci and the claims against the other defendants. Accordingly, we affirm the order of the district court, denying defendants' Rule 12(b)(6) motions to dismiss on the ground of qualified immunity, substantially for the reasons stated in our reversal of the grant of such immunity in *Vincent*.

We have considered all of defendants' contentions on these appeals and have found them to be without merit. The order of the district court is affirmed.