16-2835-pr(L)
Hassell v. Fischer

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2017

Argued:  October 17, 2017                    Decided: January 3, 2018

Docket No. 16-2835(L), 16-3641(XAP)

- - - - - - - - - - - - - - - - - - - -

WILLIAM HASSELL,
        Plaintiff-Appellant-Cross-Appellee,


v.


BRIAN FISCHER, Commissioner of the New York State Department of Corrections (in an individual capacity), ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections (in an individual capacity), ANDREA W. EVANS, Chairwoman, New York State Board of Parole (in an individual capacity), TERRENCE TRACY, New York State Parole Employee (in an individual capacity),
        Defendants-Appellees-Cross-Appellants,

ANTHONY COSTANTINI, New York State Parole Officer (in an individual capacity), JOSE BULNES, New York State Parole Officer (in an individual capacity), MONTY BYNUM, New York State Parole Officer (in an individual capacity), IRMA MACHADO, New York State Parole Officer (in an individual capacity), GREGORY FREEMAN, New York State Parole Officer (in an individual capacity), NEW YORK STATE CORRECTIONS EMPLOYEE JOHN

DOE, (fictitious name) (in an individual capacity), NEW YORK STATE PAROLE EMPLOYEE JANE DOE, (fictitious name) (in an individual capacity),

Defendants-Appellees.[1]

- - - - - - - - - - - - - - - - - - - -

Before:  NEWMAN and CABRANES, <u>Circuit Judges</u>, and CHATIGNY,[2] <u>District Judge</u>.

Appeal and cross-appeal from the Sept. 28, 2016, judgment of the District Court for the Southern District of New York (Alvin K. Hellerstein, District Judge) requiring New York prison and parole officials to pay William Hassell, a former state prisoner, nominal damages plus attorney's fees for their unreasonable delay in requesting a New York trial court to resentence Hassell and impose a term of post-release supervision ("PRS") after a term of PRS had been administratively imposed. Hassell's appeal seeks review of the District Court's ruling that the state officials were entitled to qualified immunity on Hassell's claim for

---

[1] The Clerk is requested to conform the official caption as above.

[2] Judge Robert N. Chatigny, of the United States District Court for the District of Connecticut, sitting by designation.

additional damages for the period after a state court at resentencing imposed a term of PRS. The Defendants-Appellees-Cross-Appellants Brian Fischer and Anthony J. Annucci, officials of the New York State Department of Corrections, and Andrea W. Evans and Terrence Tracy, officials of the New York State Board of Parole, all sued in their individual capacities, cross-appeal to seek review of the District Court's decision denying them judgment on the pleadings on the ground of qualified immunity for the six month period, prior to Hassell's resentencing, for which the District Court awarded Hassell nominal damages.

Affirmed as to the appeal; affirmed in part, vacated in part, as to the cross-appeal, and remanded.

> Lawrence P. LaBrew, New York, NY, for Plaintiff-Appellant-Cross-Appellee.
>
> Eric Del Pozo, Asst. Solicitor General, State of New York, New York, NY (Eric T. Schneiderman, Atty. General, State of New York, Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, New York, NY, on the brief), for Defendants-Appellees-Cross-Appellants and Defendants-Appellees.

JON O. NEWMAN, Circuit Judge:

In 1998, the New York legislature passed a sentencing reform statute that changed the sentencing scheme for violent felony offenders by eliminating parole and requiring a term of post-release supervision ("PRS") to follow determinate sentences. *See* N.Y. Penal Law § 70.45(1); *People v. Catu*, 4 N.Y.3d 242, 244 (2005). However, section 70.45(1), as enacted, did not require state court judges to impose a term of PRS at sentencing. *See Scott v. Fischer*, 616 F.3d 100, 103 (2d Cir. 2010).[3] In the many cases where state court judges did not impose terms of PRS at sentencing, officials of the New York State Department of Corrections ("DOCS") administratively imposed such terms. *See Betances v. Fischer*, 837 F.3d 162, 165 (2d Cir. 2016) ("*Betances II*").

---

[3] Section 70.45(1) was amended in 2008 to require that a sentencing court "shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision as determined pursuant to this article." N.Y. Penal Law § 70.45(1) (2008).

In 2006, this Court ruled that DOCS officials violated "the due process guarantees of the United States Constitution" by administratively imposing PRS terms. *See Earley v. Murray*, 451 F.3d 71, 76 n.1 (2d Cir.) ("*Earley I*"), *reh'g denied*, 462 F.3d 147 (2d Cir. 2006) ("*Earley II*"). *Earley I* led to several individual prisoner lawsuits,[4] and a class action, *see Betances v. Fischer*, 304 F.R.D. 416, 432 (S.D.N.Y. 2015) ("*Betances Class Op.*") (certifying class),[5] seeking damages for the unconstitutional imposition of PRS terms or the delay in requesting state courts to resentence to add such terms. The pending appeal appears to be the first of these individual cases to reach this Court in which a judgment has been entered awarding damages to a prisoner.

---

[4] Several of these individual lawsuits are listed in Form C, filed by the defendants-cross-appellants in *Betances II. See* No. 15-2836, Dkt. No. 12 (Sept. 22, 1015).

[5] The class comprised "all persons who were sentenced to prison in New York State for a fixed term that did not include a term of PRS, but were nevertheless subjected PRS after the maximum expiration dates of their determinate sentences and after June 9, 2006." *Betances Class Op.*, 304 F.R.D. at 427. "[E]nforcement" in the class definition means being subjected to the conditions of PRS or returned to custody for violation of those conditions. *See id*. at 427 n.82.

Plaintiff-Appellant-Cross-Appellee William Hassell appeals from the September 28, 2016, judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, District Judge) entered against the Defendants-Appellees-Cross-Appellants Brian Fischer, DOCS Commissioner, Anthony J. Annucci, Acting DOCS Commissioner, Andrea W. Evans, Chairwoman of the New York State Board of Parole, and Terrence Tracy, an employee of the Parole Board, all sued in their individual capacities. *See Hassell v. Fischer*, 96 F. Supp. 3d 370 (S.D.N.Y. 2015). The judgment awarded Hassell nominal damages of $600, $100 for each of the six months during which the District Court ruled that the defendants had unreasonably delayed in requesting a state trial court to resentence him and impose a term of PRS after such a term had been administratively imposed. The judgment also awarded Hassell attorney's fees of $24,000.

Hassell's appeal seeks review of the District Court's ruling that the state officials were entitled to qualified immunity on Hassell's claim for additional damages for the period after a state court, at resentencing on December 3, 2008,

imposed a term of PRS. The state officials' cross-appeal seeks review of the District Court's decision awarding Hassell nominal damages for the six-month period prior to Hassell's resentencing because of the officials' delay in making reasonably prompt efforts to notify the state court sentencing judge of the need to resentence Hassell and add a judicially imposed term of PRS.

On Hassell's appeal, we affirm. On the state officials' cross-appeal, we affirm in part, vacate in part, and remand for entry of a revised judgment and consideration of whether attorney's fees should be adjusted in light of our disposition of the cross-appeal.

## BACKGROUND

*Hassell's sentencing, PRS, and resentencing*. On November 21, 2002, Hassell received a sentence of three and one-half years, based on a guilty plea to a charge of assault in the second degree. The sentence was consecutive to a sentence Hassell was then serving for another offense. The state court judge did not impose the required PRS term to follow the second of Hassell's consecutive sentences.

At some point during Hassell's incarceration, DOCS officials administratively added a five-year PRS term to his sentence, and thereafter State Parole Board officials monitored his compliance with the conditions of that PRS term upon his release from prison.

The expiration date of the second of Hassell's consecutive sentences was August 31, 2008, but he was released from prison earlier on February 29, 2008, because he had earned good time credits equal to one-seventh of his sentence. Had there been no administratively imposed PRS term, Hassell would have been subject to a form of supervision called "conditional release" for the period that his confinement was shortened by good time credits. *See* N.Y. Correction Law § 803(1)(c); N.Y. Penal Law § 70.40(1)(b)**.** However, as the New York Court of Appeals has explained, "[A] defendant who is conditionally released immediately commences serving the imposed term of PRS and the remaining term of incarceration is 'held in abeyance' during this period." *People v. Williams*, 19 N.Y.3d 100, 104 (2012) (quoting N.Y. Penal Law § 70.45(5)(a)). In conformity with this explanation of New York law, the District Court stated that on the date

of Hassell's release from confinement, February 29, 2008, he was subject to the PRS term of five years that had been administratively imposed.

On September 15, 2008, DOCS notified the New York County Supreme Court that had sentenced Hassell that he needed to be resentenced to add a term of PRS as part of his sentence. On December 3, 2008, Hassell was resentenced to his original sentence plus five years of PRS *nunc pro tunc*.

On June 17, 2010, the New York Court of Appeals ruled that Hassell's resentencing violated the Double Jeopardy Clause of the United States Constitution because the resentencing added a sanction after his release from custody, *see People v. Hassell*, 14 N.Y.3d 925, 926 (2010), a period when "a legitimate expectation in the finality of [his] sentence [had] arise[n]," *People v. Williams*, 14 N.Y.3d 198, 217 (2010). Hassell's PRS was terminated that day.

*Hassell's lawsuit.* Hassell filed his initial complaint (later amended) in 2013, alleging that he was subjected to PRS in a manner that violated his due process and double jeopardy rights guaranteed by the Constitution. He sought monetary damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988. Hassell

alleged that the DOCS defendants administratively added a five-year PRS term to his sentence, and that they and the Parole Board defendants worked with and directed lower level DOCS and Parole Board employees to subject him to the conditions of the administratively imposed PRS term upon Hassell's release, violating his right to due process (the "First Violation"). Hassell also alleged that he was subjected to double jeopardy when the defendants caused the sentencing court to resentence him and add a PRS term (the "Second Violation").

The defendants moved, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, to dismiss the amended complaint on several grounds, including qualified immunity. In an order and opinion entered April 1, 2015 ("the April Opinion"), the District Court granted the motion in part and denied it in part. *See Hassell*, 96 F. Supp. 3d at 374. On the First Violation–the administrative imposition and application of PRS conditions between Hassell's release from prison on February 29, and his resentencing on December 3, 2008–the Court

10

denied the motion as to defendants Fischer, Annucci, Tracy, and Evans.[6] The

Court ruled that they were not entitled to qualified immunity because they had

violated clearly established law, announced in *Earley I*, when they

administratively added and then applied the conditions of a PRS term to

Hassell.[7] The District Court also ruled that there was insufficient evidence to

---

[6] The District Court later dismissed the complaint as to Evans on motion for summary judgment because Hassell had not proven that she was "responsible for formulating [the Parole Board's] policy in response to *Earley* [*I*] or continuing the enforcement of administratively imposed PRS terms known to be invalid." Special Appx. 28 n.1. However, the judgment states that Evans, along with the other three defendants, is obligated to pay nominal damages and attorney's fees. If, as seems likely, her inclusion was inadvertent, the judgment should be corrected on remand.

[7] Qualified immunity "shields government officials from civil liability 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Farid v. Ellen*, 593 F.3d 233, 244 (2d Cir. 2010) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions," thus "protect[ing] 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

determine whether the defendants had taken reasonable steps to request the state court to resentence Hassell.[8]

On the Second Violation–the defendants' request to have the state court resentence Hassell with a PRS term and apply its conditions to him between December 3, 2008, the date of resentencing, and June 17, 2010, the date when PRS was terminated–the District Court granted the defendants' motion to dismiss. The Court ruled that they were entitled to qualified immunity because they had acted with objective reasonableness in requesting the state court to resentence Hassell.[9]

---

[8] The District Court dismissed the amended complaint on the ground of qualified immunity as to the lower level defendants, who were alleged to have applied, at the behest of Fischer, Annucci, Tracy, and Evans, the unlawful PRS conditions prior to Hassell's resentencing, ruling there was no allegation that they knew or should have known that the PRS term had been unlawfully imposed by senior DOCS officials. *See Hassell*, 96 F. Supp. 3d at 382-83.

[9] The April Opinion also granted the defendants' motion to dismiss Hassell's state law claims, ruling that the District Court lacked jurisdiction over them because the state court itself lacked jurisdiction over them. See *Hassell*, 96 F. Supp. 3d at 385-86. ("[A] federal court cannot exercise jurisdiction over pendent state law claims over which a state court lacks jurisdiction."). Hassell does not challenge the dismissal of these claims.

To determine the time period for which Hassell could receive damages for the First Violation, the District Court, in an order entered July 18, 2016 ("the July Order"), first established the maximum period for a potential recovery. That period, the Court ruled, began on February 29, 2008, the date Hassell became subject to administratively imposed PRS after his release from prison, and ended on December 3, 2008, the date the state court imposed a PRS term at resentencing.

Within that period of potential damages, the District Court then determined a period of actual damages through a reconstruction of what the Court ruled would have happened if the defendants had acted in a reasonably timely manner to request resentencing. First, the Court ruled that by April 15, 2008, 45 days after February 29, 2008, Annucci, Fischer, and Tracy "should have caused a motion to be filed with Justice Uviller [the Judge who had sentenced Hassell], asking her to correct Hassell's sentence." July Order at 3, Special Appx. ("SA") 29. Then, Judge Hellerstein continued, by May 31, 2008, 45 days after April 15, 2008, the State Court "should have acted." *Id.* Finally, apparently

recognizing that May 31 was a Saturday and that the next business day when the resentencing could have occurred was June 2, Judge Hellerstein ruled that the period of unreasonable delay started on the next day, June 3, 2008, and ran until December 3, 2008, when resentencing actually occurred. *See id.*

Having thus framed a six-month period of unreasonable delay, Judge Hellerstein then considered what damages were warranted for that delay. He observed that no matter when Justice Uviller resentenced Hassell, she would have imposed the same five-year term of PRS that she imposed on December 3, 2008, and done so *nunc pro tunc.* So even though Judge Hellerstein ruled that there had been an unreasonable delay in resentencing, he concluded that the delay "would not have changed Hassell's life in the slightest." *Id.* at 4, SA 30. For that reason Judge Hellerstein awarded only nominal damages of $100 per month

14

for a total of $600.[10] To this sum, he added attorney's fees of $24,000, pursuant to 42 U.S.C. § 1988. *See* Order Granting Plaintiff's Motion for Attorney's Fees, SA 32.

DISCUSSION

I. This Court's PRS Decisions

Consideration of the issues raised by both Hassell's appeal and the defendants' cross-appeal requires familiarity with the sequence of decisions in this Court concerning administratively imposed PRS. In *Earley I*, decided in 2006, a prisoner then serving a state sentence that lacked a judicially imposed PRS term sought a writ of habeas corpus to obtain removal of the PRS term that had been administratively imposed by DOCS officials. We ruled that under clearly established Supreme Court precedent, *see Hill v. United States ex rel. Wampler*, 298 U.S. 460 (1936), the administrative imposition of PRS was invalid. *See Earley I*, 451 F.3d at 76. We did not grant relief, but remanded for determination of the

[10] Although nominal damages are usually $1 (without cumulation for multiple months of a violation), *see*, *e.g.*, *Lozman v. City of Riviera Beach, Fla.*, 568 U.S. 115 (2013); *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978), the defendants do not contend on this appeal

timeliness of the habeas corpus petition because it was unclear whether it had been filed within one year of the time when the prisoner became aware of the imposition of PRS.[11]

On rehearing, we rejected the state officials' argument that, because "New York law automatically includes a period of PRS in every determinate sentence," they were entitled to add PRS terms administratively. *Earley II*, 462 F.3d at 148. "[T]he only sentence known to the law is the sentence imposed by the judge; any additional penalty added to that sentence by another authority is invalid, regardless of its source, origin, or authority until the judge personally amends the sentence." *Id.* at 149.

---

that $100 per month is not an appropriate amount of nominal damages for any month of delay for which they are determined to be liable.

[11] On remand of *Earley I*, the District Court stayed its order granting the habeas corpus petition to permit the New York state sentencing court an opportunity to correct "a ministerial error that may be rectified easily," adding that the Court assumed that the corrected sentence would be imposed *nunc pro tunc*. *See Earley v. Murray*, No. 03-CV-3104, 2007 WL 1288031, at *3 (E.D.N.Y. May 1, 2007).

In *Rivers v. Fischer*, 390 F. App'x 22 (2d Cir. 2010), we ruled that *Earley I* did not entitle a prisoner to be released from custody after violation of the conditions of a PRS term that had been administratively imposed. *See id.* at 24.

In *Scott v. Fischer*, 616 F.3d 100 (2d Cir. 2000), a prisoner, subject to administratively imposed PRS after serving her sentence, sought damages under 42 U.S.C. § 1983 because she had been arrested and incarcerated for violation of PRS conditions. Her damages suit followed the grant of a writ of habeas corpus that secured her release. *Scott* first noted that it was "open to question" whether *Earley I* had clearly established that administratively imposed PRS was unconstitutional, *see Scott*, 616 F.3d at 107, but that unconstitutionality had not been established *before Earley I*, *see id.* at 108. *Scott* then considered the plaintiff's claim that *after Earley I*, the defendants were liable for violating her due process rights by, among other things, not seeking to remove her PRS. *Scott* rejected the claim on the ground that the plaintiff had not pleaded sufficient facts "giving rise to a clearly established affirmative legal obligation on the part of the DOC

17

defendants to take any of the actions that [the plaintiff] alleges they failed to take." *Id.* at 109.

Thus, *Scott* ruled that a duty to act had to be "clearly established" before liability could arise for failure to act, but concluded that the plaintiff had not pleaded facts to show that the requirement had been met.

In *Joyner-El-Qawi-Bey v. Russi*, 439 F. App'x 36 (2d Cir. 2011), we ruled that *Earley I* did not require state officials to remove a PRS term that had been administratively imposed.[12]

In *Vincent v. Yelich*, 718 F.3d 157 (2d Cir. 2013), eleven plaintiffs subject to administratively imposed PRS after serving their sentences sought damages under section 1983. *Vincent* first answered the question left open in *Scott*–when the right not to have PRS imposed administratively was clearly established–by stating that this occurred on June 9, 2006, when *Earley I* was decided. *See id.* at

---

[12] The holding of *Joyner-El-Qawi-Bey* is inferred from our affirmance of the District Court's decision for the reasons set forth in that decision, which explained the Court's rejection of the relief sought by the prisoner, *see Joyner-El-Quwi-Bey v. Russi*, No. 09-CV-2047, 2010 WL 1222804 (E.D.N.Y. Mar. 23, 2010).

160, 168. Then *Vincent* ruled that *Earley I* had given DOCS officials two alternatives: "either to have [the plaintiffs] resentenced by the court for the imposition of PRS terms in a constitutional manner or to excise the PRS conditions from their records and relieve them of those conditions." *Id.* at 172.

However, *Vincent* made clear that the first alternative, resentencing, was an available option only if DOCS officials acted with "objective reasonableness," *id.* at 177, *i.e.*, without unreasonable delay, to discharge the affirmative duty recognized in *Scott* to seek resentencing. Significant to our case, *Vincent* ruled that the first alternative was an option that DOCS officials could pursue even though those officials had imposed PRS administratively on the *Vincent* plaintiffs just as they had done with respect to Hassell.

Elaborating on the first alternative, *Vincent* explained that it was among the duties of Annucci, a defendant in the pending appeal, "to seek a resolution of the PRS issues among DOCS, the prosecutors, and the courts by attempting, through direct or indirect communication with the courts, to have persons who

---

19

should, under New York substantive law, have had PRS imposed as part of their sentences, resentenced by the court." *Id.* at 173.

*Vincent* then noted that, after *Earley I*, Annucci had testified in a state trial court that "DOCS conducted a study 'to identify every individual in [DOCS's] custody who required PRS, but for whom the commitment was silent.'" *Id.* at 174 (quoting *State v. Myers*, No. 4834-08, Sup. Ct. Albany County, N.Y., Hearing Transcript, June 6, 2008 ("*Myers* Tr."), at 93) (alteration in original). Annucci also testified, "'I began an initiative with the Office of Court Administration asking them going forward to put out an instruction to all judges in the State that the good practice would be whenever a determinate sentence of imprisonment was imposed, they should announce the period of post-release supervision on the record.'" *Id.* (quoting *Myers* Tr. at 104) (emphases omitted).

Then, significant to the pending appeal, *Vincent* stated, "It is possible that behind these statements may lie concrete evidence that could establish that Annucci made reasonable efforts either to seek resentencing of such persons or to end their unconstitutional imprisonment and excise PRS from their prison

records." *Id.* But because "the record remain[ed] to be developed as to the objective reasonableness of Annucci's efforts," *id.* at 177, *Vincent* "remanded for further proceedings," *id.* at 178.

Finally, and most relevant to the pending appeal, is *Betances v. Fischer*, 837 F.3d 162 (2d Cir. 2016) ("*Betances II*"), an interlocutory appeal from the denial of a defense of qualified immunity, *see Salim v. Proulx*, 93 F.3d 86, 90-91 (2d Cir. 1996).[13] *Betances II* was a class action brought by a class of prisoners "who were sentenced to prison in New York State for a fixed term that did not include a term of PRS, but who were nevertheless subjected to PRS after the maximum expiration dates of their determinate sentences and after June 9, 2006." *Betances v. Fischer*, 304 F.R.D. 416, 427 (S.D.N.Y. 2015) ("*Betances Class Op.*") (certifying

---

[13] The *Betances* case was previously before our Court when we affirmed the District Court's denial of the defendants' motion to dismiss on the ground of qualified immunity. *See Betances v. Fischer*, 519 F. App'x 39 (2d Cir. 2013) ("*Betances I*"). *Betances I*, filed the same day as *Vincent v. Yelich*, *supra*, considered the case indistinguishable from *Vincent*, *i.e.*, that the issue of whether the defendants had acted without unreasonable delay in seeking resentencing remained to be determined by the District Court.

class).[14] The defendants, as in the pending appeal, were Fischer, Annucci, and Tracy. They contended that the steps they had taken after *Earley I* to identify prisoners who needed to be resentenced to add PRS terms and then to inform state courts of the need for resentencings satisfied the affirmative duty option that we had outlined in *Vincent* to comply with our ruling in *Earley I*.

Our Court disagreed. We relied primarily on the defendants' admissions in deposition testimony that they had decided not to implement *Earley I* for many months after that decision was rendered. Excerpts from those depositions are set out in the margin.[15] Their statements led us to conclude: "In short, the

---

[14] The District Court in *Betances II*, earlier in its opinion, described the class in slightly different language, *see Betances Class Op.*, 304 F.R.D. at 21, but the differences have no bearing on any issue in this appeal. And, because the Defendants make no argument as to whether Hassell is a member of the class, we need not consider that possibility.

[15] Annucci:
"Q. You made the decision not to take any action retroactively until further notice, right?
"A. Correct.
"Q. And you made the decision to take no action prospectively . . . to conform DOCS policy and conduct to the holding of *Earley [I]* as well, right?
. . .

---

three defendants decided not to comply with *Earley I* although they understood

the meaning of its holding and that its holding applied to their departments."

*Betances II*, 837 F.3d at 168.

We acknowledged that resentencing prisoners subject to administratively

imposed PRS terms "presented practical difficulties." *Id.* at 173. Ultimately,

however, we ruled that the defendants "did not make an objectively reasonabl[e]

---

"A. Correct."
*Betances II*, 837 F.3d at 167.
Fischer:
"Q. But the decision to continue basically enforcing that policy [of administratively adding PRS to inmates' sentences] notwithstanding *Earley [I]*, is it fair to characterize that as an operational decision?
"A. Yes.
*Id.*
Tracy:
"Q. But I am correct . . . your determination was to err on the side of continuing supervision and continuing incarceration until you could get those people back before courts; right?
. . .
"A. Yes. That's the decision that the agency arrived at, yes."
*Id.* at 168.

effort 'to relieve [plaintiffs] of the burdens of those unlawfully imposed terms after [they] knew it had been ruled that the imposition violated federal law.'" *Id.* at 174 (quoting *Vincent*, 718 F.3d at 177). As we pointed out, "Each defendant testified that nothing prevented him from taking these steps back in 2006, and the logistical difficulties did not increase in the interim." *Id.*

We therefore affirmed the District Court's grant of summary judgment in favor of the plaintiffs, which had rejected the defendants' defense of qualified immunity and held them personally liable. *See id.* at 170. That affirmance on the interlocutory appeal left the issue of damages for determination by the District Court.[16]

With this sequence of decisions in mind, we turn to the parties' specific claims on appeal.

---

[16] This Court had stayed District Court proceedings pending disposition of the interlocutory appeal. *See* No. 15-2836, Dkt. No. 70 (Dec. 16, 2015).

## II. Hassell's Appeal

Hassell's appeal challenges the District Court's decision not to award even nominal damages for his being subject to PRS during the period after his resentencing on December 3, 2008. His claim for such damages was properly determined by the District Court to be defeated by the defendants' defense of qualified immunity. Until the 2010 decision of the New York Court of Appeals in *People v. Williams*, 14 N.Y.3d 198 (2010), it was not clearly established that *judicially* imposed PRS upon released prisoners was unlawful. *See King v. Cuomo*, 465 F. App'x 42, 45 (2d Cir. 2012). Furthermore, the action of the state trial court in imposing PRS on Hassell was obviously an intervening cause of his post-resentencing PRS for which the defendants bore no responsibility.

## III. The Defendants' Cross-Appeal

The defendants' cross-appeal challenges the District Court's rejection of their defense of qualified immunity and the Court's determination that subjecting Hassell to administratively imposed PRS violated his right to due process during the period from June 3, 2008, to December 3, 2008. They contend

that they acted with objective reasonableness in responding to the *Earley I* decision, citing the same steps they relied on in the *Betances* litigation.[17] But those steps, set out in the margin,[18] were primarily taken between 14 and 19 months after the decision in *Earley I*, as we pointed out in *Betances II*, 837 F.3d at 172, and that decision has already determined that these steps were not an objectively reasonable justification for the defendants' delay in seeking resentencing of

---

[17] The cross-appellants' account of their efforts to comply with *Earley I* are set out in Annucci's affirmation filed in *State v. Myers*, No. 4834-08, Sup. Ct. Albany County, N.Y., which is included in the Joint Appendix in this appeal, JA 267, 276-83, ¶¶ 36-59.

[18] "In either February or March 2007, . . . DOCS began to review its files to identify inmates whose sentences included PRS terms added by DOCS employees. . . . In April 2007, DOCS employees completed their initial review, which included over 40,000 inmate files . . . . By the middle of May 2008, DOCS launched a 'Post-Release Supervision Resentencing Initiative' to obtain resentencing of individuals in its custody whose sentencing judges had not pronounced PRS terms required by § 70.45. . . . Finally, on June 4, 2008, DOCS and [the New York State Division of Parole] filed a declaratory judgment action in state court seeking judicial approval of a plan that would permit state agencies, district attorneys, and state courts to systematically identify and refer improperly sentenced inmates back to the sentencing courts to be resentenced." *Betances II*, 837 F.3d at 169-70.

prisoners with administratively imposed PRS terms.[19] "That the defendants eventually took reasonable steps to comply with *Earley I* cannot excuse their unreasonable delay in doing so." *Id.*

*Betances II* is indistinguishable from Hassell's case. Like the plaintiffs in *Betances II*, Hassell is an offender "subject to [a] mandatory PRS term[]" after June 9, 2006, and who alleged that the term was imposed by "DOCS, rather than [his] sentencing judge." *Id.* at 170. Accordingly, the defendants are foreclosed by *Betances II* from arguing that their belated, albeit reasonable, steps to comply with *Earley I* excuse the initial unreasonable delay.

In addition to the steps that the defendants relied on in *Betances II* to comply with *Earley I*, they point out on this appeal that just two weeks after the expiration of Hassell's sentence on August 31, 2008, they notified Justice Uviller

---

[19] The cross-appellants press the limits of advocacy by stating that in *Betances II* "this Court also recognized that by 'late April and early May 2008,' defendants had undertaken 'reasonable steps towards bringing DOCS . . . into compliance with *Earley [I]*,'" Brief for cross-appellants at 29 (quoting *Betances II*, 837 F.3d at 172) (ellipsis in original), while omitting the words that immediately follow the second quoted

---

27

on September 15, 2008, of the need to resentence Hassell. That fact is irrelevant to the defendants' liability. As *Betances II* determined, their liability in that case arose from their unreasonable delay in acting to comply with *Earley I* for many months after that decision, and they are not absolved of that liability in this case by a step they took even more months later.

One aspect of the District Court's award of nominal damages for the period from June 3 to December 3, 2008, however, requires modification because of the following circumstances. Hassell's sentence terminated on August 31, 2008. Although he was subject to administratively imposed PRS from February 29,[20] when he was released from custody because of good time credits, until August 31, when his sentence terminated six months later, he would have been subject to conditional release during this time period had a PRS term not been

fragment, in which we stated that the steps taken "had been unreasonably delayed," *Betances II*, 837 F.3d at 172.

[20] As discussed above, the District Court calculated damages starting on the day after Hassell would have been resentenced had the defendants not unreasonably delayed in complying with *Earley I* (June 3, 2008), not the day Hassell was released from custody (February 29, 2008).

imposed. Hassell has made no showing that the conditions of his PRS term were in any respect more onerous than those of conditional release would have been. Without any showing of an adverse consequence during the three months after June 3, Hassell has not suffered a denial of his due process rights during that period. *Cf. United States v. Ray*, 578 F.3d 184, 200 (2d Cir. 2009) ("To prove a due process violation as a result of a sentencing delay, the prejudice claimed by the defendant . . . must be substantial and demonstrable.").

## Conclusion

On Hassell's appeal, we affirm; on the defendants' cross-appeal, we vacate the award of $300 in nominal damages for the three months after June 3, 2008; affirm the award of $300 in nominal damages for the three months after September 1, 2008; and remand for entry of a revised judgment and such reconsideration of the amount of attorney's fees as the District Court deems appropriate in light of our ruling on the defendants' cross-appeal.