18-3240
*Garcia v. Falk et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand nineteen.

Present:
> PIERRE N. LEVAL,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
>> *Circuit Judges*.

---

ROBERT E. GARCIA,

>> *Plaintiff-Appellant*,

v.                                                            18-3240

MICHAEL FALK, Area Supervisor, Queens III Parole, VICTOR SUERO, Parole Officer, CANDACE BENJAMIN, Sr. Parole Officer,

>> *Defendants-Appellees*,

DIVISION OF PAROLE, EXECUTIVE DEPARTMENT, NEW YORK STATE DEPARTMENT OF CORRECTIONS, AMES, Parole Officer, R. CHONG, Sr. Parole Officer,

>> *Defendants*.

---

For Plaintiff-Appellant:                ANDREW R. BEATTY, CHRISTOPHER R. FREDMONSKI & ALEXANDER C. HADEN, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.

1

For Defendants-Appellees:          DAVID S. FRANKEL, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, on the brief), *for* Letitia James, Attorney General, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Robert E. Garcia ("Garcia") appeals from a September 26, 2018 decision and order granting Defendants-Appellees' cross-motion for summary judgment and dismissing Garcia's 42 U.S.C. § 1983 claim on the grounds that, under the rule of *Hassell v. Fischer*, 879 F.3d 41 (2d Cir. 2018), Garcia failed to establish a due process violation stemming from Defendants-Appellees' enforcement of his post-release supervision.

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Garcia is one of many individuals affected by the New York State Department of Correctional Service's ("DOCS")[1] policy of administratively adding terms of post-release

---

[1] The New York State Department of Correctional Services ("DOCS") and the Division of Parole ("DOP") merged in 2011 to become the New York State Department of Corrections and Community Supervision ("DOCCS"). For all relevant years in this appeal, however, the agencies operated separately.

supervision ("PRS") to the determinate sentences of defendants in the New York state court system. This practice began in the wake of a sentencing reform statute passed by the New York State legislature in 1998, which required determinate sentences to be followed by a period of PRS, but did not require state court judges to pronounce the PRS term at sentencing. *See* N.Y. Penal Law § 70.45(1). DOCS subsequently began unilaterally calculating and imposing PRS terms without consulting the sentencing judge in cases where the sentencing judge had not imposed the statutorily required term of PRS. In 2006, the Second Circuit deemed this practice unconstitutional. *See Earley v. Murray*, 451 F.3d 71, 75–77, 76 n.1 (2d Cir. 2006), *reh'g denied*, 463 F.3d 147 (2d Cir. 2006).

Beginning in 1992, Garcia received numerous intersecting sentences in the New York state courts which ultimately resulted in his serving, *inter alia*, a period of PRS between January 17, 2008 and September 5, 2008. As relevant here, he was sentenced on March 14, 2000 to a determinate term of 3.5 years for attempted robbery (the "2000 Sentence"). The sentencing judge did not orally pronounce a PRS term at the sentencing hearing. DOCS subsequently added a five-year term of PRS to the 2000 Sentence in accordance with New York Penal Law § 70.45(2). Garcia entered custody in May 2000. On November 27, 2001, he was conditionally released to DOP to begin serving his term of PRS.

In May 2004, Garcia was found delinquent by the DOP and charged in connection with two burglaries, causing his remaining PRS term to be held in abeyance. On July 19 and July 28, 2005, he was sentenced to two indeterminate terms of two-to-four years for burglary in the third degree, to run concurrently. The maximum expiration date for that sentence was August 21, 2009. He reentered DOCS custody on August 15, 2005 and was conditionally released to resume the PRS term from the 2000 Sentence on January 17, 2008, while his numerous other

3

sentences were held in abeyance. Garcia continued serving PRS until September 5, 2008, at which point he was declared delinquent by DOP, thereby interrupting his period of PRS.

Had Garcia not been subject to administratively imposed PRS from the 2000 Sentence between January 17, 2008 and September 5, 2008, it is undisputed that he would have instead been subject to conditional release, because August 21, 2009—the maximum expiration date of his judicially pronounced sentences—had not yet passed. Furthermore, it is undisputed that the terms and conditions of that conditional release would have been indistinguishable from the terms and conditions of his supervision under PRS.

In light of these characteristics of the term of PRS served by Garcia, the district court concluded that Garcia's claim must fail under *Hassell v. Fischer*. In *Hassell*, this Court vacated an award of nominal damages for administratively imposed PRS served during a period when the plaintiff would have otherwise been subject to conditional release because the plaintiff had "made no showing that the conditions of his PRS term were in any respect more onerous than those of conditional release would have been." *Hassell*, 879 F.3d at 52. Absent that "showing of an adverse consequence," the plaintiff in that case had "not suffered a denial of his due process rights during that period." *Id.* The district court determined that *Hassell* was factually indistinguishable from this case and squarely foreclosed liability.

We agree. *Hassell* made clear that in order to demonstrate a denial of due process rights for a period of administratively imposed PRS that is served prior to the expiration of a determinate sentence, a plaintiff must show that the conditions of PRS are in some respect "more onerous" than those to which the plaintiff would otherwise have been subject under conditional release. *Id.* This reading of *Hassell* was confirmed by this Court's recent decision in *Reyes v. Fischer*, 934 F.3d 97 (2d Cir. 2019), which found that "unresolved factual questions as to

4

whether the conditions of administratively imposed PRS [were] more onerous than the conditions of conditional release" were "crucial to the disposition" of the case because "*Hassell* . . . made clear that the 'more onerous' standard is not only a question of damages, but also one of liability," *id.* at 106. Here, unlike in *Reyes*, no further factual development is necessary, as discovery is complete and the parties agree that Garcia adduced no facts showing that the conditions of his PRS were "more onerous" than those of conditional release. In light of the two recent precedential decisions of this Court establishing that a "more onerous" showing is necessary in order to establish a due process violation in these circumstances, we conclude that summary judgment in Defendants-Appellees' favor was appropriate.

We have considered Garcia's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5